1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

NATHAN KEVIN TURNER,
CDCR #C-44886,

12

Plaintiff,

13

vs.

14

BONNIE DUMANIS, et al.,

15
16

Defendants.

17

Civil No.     08-0179 JLS (AJB)

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**

**[Doc. No. 2]**

18      Nathan Kevin Turner ("Plaintiff"), a state prisoner currently incarcerated at the California

19  Medical Facility located in Vacaville, California, and proceeding pro se, has submitted a civil

20  rights Complaint pursuant to 28 U.S.C. § 1983.

21      Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead,

22  he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)

23  [Doc. No. 2].

24  **I.      MOTION TO PROCEED IFP**

25      Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

26  district court of the United States, except an application for writ of habeas corpus, must pay a

27  filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to

28  pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C.

1    § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*,

2    169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however, remain

3    obligated to pay the entire fee in installments, regardless of whether the action is ultimately

4    dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

5         Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund

6    account statement (or institutional equivalent) for the prisoner for the 6-month period

7    immediately preceding the filing of the complaint...."  28 U.S.C. § 1915(a)(2).  From the

8    certified trust account statement, the Court must assess an initial payment of 20% of (a) the

9    average monthly deposits in the account for the past six months, or (b) the average monthly

10   balance in the account for the past six months, whichever is greater, unless the prisoner has no

11   assets.  *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th

12   Cir. 2002).  Thereafter, the institution having custody of the prisoner must collect subsequent

13   payments, assessed at 20% of the preceding month's income, in any month in which the

14   prisoner's account exceeds $10, and forward those payments to the Court until the entire filing

15   fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

16        While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C.

17   § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-

18   month period immediately preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2);

19   S.D. CAL. CIVLR 3.2.  Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a

20   civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund

21   account statement (or institutional equivalent) ... for the 6-month period immediately preceding

22   the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

23        Without Plaintiff's trust account statement, the Court is simply unable to assess the

24   appropriate amount of the filing fee required to initiate this action.  *See* 28 U.S.C. § 1915(b)(1).

25   Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

26   ////

27   ////

28   ////

1    **II.    CONCLUSION AND ORDER**

2          For the reasons set forth above, **IT IS ORDERED** that:

3          (1)    Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**.

4          (2)    This action is **DISMISSED** without prejudice for failure to prepay the $350 filing

5    fee mandated by 28 U.S.C. § 1914(a), and for failure to successfully move to proceed IFP

6    pursuant to 28 U.S.C. § 1915(a).

7          (3)    Plaintiff if **GRANTED** forty five (45) days from the date this Order is Filed to

8    either:  (1) pay the entire $350 filing fee, **or** (2) file a new Motion to Proceed IFP, *which*

9    *includes a certified copy of his trust account statement for the 6-month period preceding the*

10   *filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

11         **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with a

12   Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this

13   matter.  If Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the

14   attached Motion to Proceed IFP, together with a certified copy of his prison trust account

15   statement within 45 days, this action shall remained closed without further Order of the Court.

16

17

18   DATED:  February 25, 2008

19                                    _____
                                      Honorable Janis L. Sammartino
                                      United States District Judge

20

21

22

23

24

25

26

27

28