

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    NATHAN KEVIN TURNER,                    Civil No.    08-0179 JLS (AJB)
      CDCR #C-44886,
12
                                  Plaintiff,
13                                             **ORDER:**
14                                             **(1)  DENYING MOTION TO**
                                               **PROCEED *IN FORMA PAUPERIS***
15              vs.                            **AS MOOT [Doc. No. 4]**

16                                              **AND**

17    BONNIE DUMANIS, District Attorney of     **(2)  DISMISSING CIVIL ACTION**
      the County of San Diego; SAN DIEGO       **AS DUPLICATIVE AND FOR**
18    POLICE DEPARTMENT; A. FRAGOSO,           **FAILING TOT STATE A CLAIM**
      Detective, San Diego Police Dept.;       **PURSUANT TO 28 U.S.C.**
19    J. DREIS, Detective, San Diego Police    **§ 1915A(b)(1)**
      Dept.; SAN DIEGO POLICE CRIME LAB;
20    EDMOND G. BROWN, Jr., Attorney
      General of the State of California,
21
                                  Defendants.
22

23

24          Nathan Kevin Turner ("Plaintiff"), a state prisoner currently incarcerated at California

25    Medical Facility in Vacaville, California, and proceeding pro se, has filed two civil rights actions

26    pursuant to 42 U.S.C. § 1983.

27    / / /

28    / / /

# I.

## Procedural Background

In *Turner v. Dumanis, et al.,* S.D. Cal. Civil Case No. 08-360 W (RBB), Plaintiff filed this Court's form Civil Rights Complaint and identified the parties, but in its body Plaintiff referred to an attached "Supplemental Petition" in which he sought equitable and injunctive relief based on claims that Defendants have violated his Fifth, Sixth, Eighth and Fourteenth Amendment rights by refusing to grant his requests for post-conviction access to DNA evidence introduced against him at trial. In the supplemental pleading attached to the form Complaint assigned Civil Case No. 08-360, Plaintiff claims this biological evidence, to the extent it still exists, might prove exculpatory if it were subject to re-testing using scientific methods not available at the time he was tried. *See* Compl. ¶¶ 2, 5, 90-97.

On April 10, 2008, the Honorable Thomas J. Whelan granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and directed the United States Marshal to effect service upon Plaintiff's behalf. *See* April 10, 2008 Order [Doc. No. 3] in *Turner v. Dumanis, et al.,* S.D. Cal. Civil Case No. 08-0360 W (RBB).

The Complaint submitted by Plaintiff in this action, assigned Civil Case No. 08-0179 JLS (AJB), is identical to the one already filed and currently being served in Civil Case No. 06-0360 W (RBB). It names all the same parties and in fact, appears to be a photocopy of the previously mentioned complaint insofar as it also refers to claims alleged in an attached "Supplemental Petition." (*See* Compl. at 1-6.) However, no such supplement was attached to the form Complaint assigned to this Court as Civil Case No. 08-1079 JLS (AJB), and the Complaint in this case contains no factual allegations or claimed constitutional violations whatsoever. (*Id.*) In addition, Plaintiff has not paid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to initiate a second civil action; he has, however, filed a separate Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

/ / /

/ / /

**II.**

**Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), as codified in 28 U.S.C. § 1915A, obligates the Court to review complaints filed by all persons, like Plaintiff, who are "incarcerated or detained in any facility " and who are "accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this screening provision of the PLRA, the Court must sua sponte dismiss a prisoner's complaint, or any portion thereof, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). Plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for two reasons.

First, while the Complaint in this case is not complete, what is pleaded appears duplicative of more fully articulated civil rights claims in a concurrent civil action. The first six pages of the form Complaint filed in both *Turner v. Dumanis, et al.*, S.D. Cal. Civil Case No. 08-0360 W (RBB), and this case, *Turner v. Dumanis, et al.,* S.D. Cal. Civil Case No. 08-0179 JLS (AJB), seem to be a photocopies of the other, each naming the identical parties in the identical order. Both also refer to a "Supplemental Petition"–which was not attached to the form Complaint in this case, but which was attached to the form Complaint in Civil Case No. 08-0360. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Thus, because a review of the Court's docket reveals that Plaintiff is

currently litigating the same claims against the same purported defendants in *Turner v. Dumanis, et al.*, S. D. Cal. Civil Case No. 08-0360 W (RBB), the Court hereby **DISMISSES** Civil Case No. 08-0179 JLS (AJB) pursuant to 28 U.S.C. § 1915A(b)(1) as duplicative. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

Second, the Court notes that even if Plaintiff had not filed a separate civil rights action in Civil Case No. 08-0360, the bare-boned form Complaint he filed in this case, assigned Civil Case No. 08-0170, contains no factual allegations whatsoever and asserts no violations of the Constitution committed by a person alleged to have been acting under color of state law.  Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983. However, section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  "In § 1983 cases, it is the constitutional right itself that forms the basis of the claim."  *Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007).  Thus, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Because Plaintiff's Complaint in Civil Case No. 08-0179 JLS (AJB) contains no allegations of unconstitutional deprivation or state action at all, it also fails to state a claim upon which relief can be granted, and thus is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for this additional reason.  *See Resnick*, 213 F.3d at 446-47.

### III.

### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP [Doc. No. 4] is **DENIED** without prejudice as moot; and

2.      Plaintiff's Complaint in Civil Case No. 08-0179 JLS (AJB) is **DISMISSED** as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).  This dismissal shall operate without prejudice to Plaintiff's pursuit of the same claims presented herein in *Turner v. Dumanis, et al.*, S. D. Cal. Civil Case No. 08-0360 JLS (AJB).

The Clerk shall close the file.

DATED:  April 15, 2008

_____
Honorable Janis L. Sammartino
United States District Judge